UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELLINFO, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>AMERICAN TOWER CORPORATION,<br>AMERICAN TOWER LLC,<br>AMERICAN TOWER DO BRASIL – CESSAO<br>DE INFRAESTRUTURAS LTDA, and ATC IP<br>LLC,<br><br>      Defendants. | C.A. No. 1:18-cv-11250 |

**PLAINTIFF CELLINFO, LLC'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION**

## **TABLE OF CONTENTS**

I.    RELEVANT FACTS ................................................................................................... 1

II.    ARGUMENT ............................................................................................................... 3

    A.    Because CellInfo requests injunctive relief, this dispute is not covered by the MCSA's arbitration provision ................................................................................. 3

    B.    The Court should resolve the question of whether these claims should be arbitrated ............................................................................................................... 7

III.    CONCLUSION ........................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*,
  555 F. App'x 153 (3d Cir. 2014) (unpublished) ...............................................................9

*Archer & White Sales, Inc. v. Henry Schein, Inc.*,
  No. 2:12-cv-572-JRG, 2016 WL 7157421 (E.D. Tex. Dec. 7, 2016) ....................8, 9, 10

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
  475 U.S. 643 (1986) ........................................................................................................11

*Dickeys Barbecue Rests. v. Mathieu*,
  No. 3:12–cv–5119–G, 2013 WL 5268976 (N.D. Tex. Sept. 18, 2013) ..........................9

*Frydman v. Diamond*,
  No. 1:14–cv–8741–GHW, 2015 WL 5294790 (S.D.N.Y. Sept. 10, 2015) ............8, 9, 10

*Grand Wireless, Inc. v. Verizon Wireless, Inc.*,
  748 F.3d 1 (1st Cir. 2014) .........................................................................................11, 12

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002) .....................................................................................................11, 12

*Kingstown Corp. v. Black Cat Cranberry Corp.*
  65 Mass. App. Ct. 154, 839 N.E. 2d 333 (2005) ............................................................6

*Major Lindsey & Africa, LLC v. Mahn*,
  No. 10–civ–4239(CM), 2010 WL 3959609 (S.D.N.Y. Sept. 7, 2010) ..........................9

*Nadherny v. Roseland Property Co.*,
  390 F.3d 44 (1st Cir. 2004) .......................................................................................7, 12

*Opals on Ice Lingerie v. Body Lines Inc.*,
  320 F.3d 362 (2d Cir. 2003) ..........................................................................................10

*Ouadani v. TF Final Mile LLC*,
  876 F.3d 31 (1st Cir. 2017) ..........................................................................................7, 8

*PowerShare, Inc. v. Syntel, Inc*,
  597 F.3d 10 (1st Cir. 2010) .............................................................................................6

*Volt Info. Scis., Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*,
  489 U.S. 468 (1989) ........................................................................................................7

**Statutes**

Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836) ......................................................5

Federal Arbitration Act ...........................................................................................................7

M.G.L. Ch. 93, §§ 42 and 42A................................................................................................5

M.G.L. Ch. 93A, §§ 2 and 11..................................................................................................5

CellInfo filed this action in the correct forum, and this Court should decide the merits of CellInfo's claims. The Master Consulting Services Agreement ("MCSA") carves out "matters involving injunctive relief as a remedy" from arbitration. CellInfo's Complaint seeks injunctive relief as a remedy. That relief is important to prevent further misuse and disclosure of CellInfo's confidential information and trade secrets by Defendants American Tower Corp. ("ATC"), American Tower LLC ("ATLLC"), American Tower do Brasil – Cessao de Infraestruturas Ltda. ("ATB"), and ATC IP LLC ("ATC IP") (collectively, "Defendants"). Because CellInfo seeks injunctive relief and because injunctive relief is carved out of the arbitration provision, this matter should be resolved by this Court and not an arbitrator.

## I.     RELEVANT FACTS

CellInfo filed this action after learning that Defendants' employees were copying and sharing CellInfo's confidential information. (Compl. ¶ 9.) CellInfo discovered that Defendant ATC was developing its own version of CellInfo's proprietary platform (*id*. ¶ 56) that copied and misappropriated key features of the CellInfo platform. (*Id*. ¶ 60) With the benefit of CellInfo's confidential and proprietary information, Defendants have continued to develop their own internal software platform, known as Tower Analytics. (*Id*. ¶ 65).

All of these actions violate the MCSA. (MCSA §§ 3.1 (defining confidential information); 4.2(c) (noting the MCSA would terminate if confidentiality provisions were violated).) Through this lawsuit, CellInfo has therefore asserted claims for violation of the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836); misappropriation of trade secrets and confidential information in violation of Massachusetts common law and M.G.L. Ch. 93, §§ 42 and 42A; breach of contract; unjust enrichment; violation of the Massachusetts unfair and deceptive trade practices statute, M.G.L. Ch. 93A, §§ 2 and 11; conversion; and aiding and abetting misappropriation of trade secrets. Throughout its Complaint, CellInfo specifically requests that the Court permanently enjoin Defendants'

misconduct. (*See, e.g.* Compl. ¶ 9 ("CellInfo seeks an injunction and other relief to prevent Defendants from further using CellInfo's highly confidential, proprietary information . . .")

Two sections of the MCSA are relevant to the arbitrability of this dispute. First, Section 7.1 requires the parties arbitrate disputes related to the MCSA except for those described in MCSA Article 6, which covers indemnification:

> The Parties agree to submit any dispute, controversy, or claim arising out of or related to any portion of this Agreement other than those involving Article Six of this Agreement, or the creation, validity, interpretation, breach, or termination of this Agreement that the Parties are unable to resolve through informal discussions, to binding arbitration *in accordance with the provisions of this article*."

MCSA[1] § 7.1 (emphasis added). Section 7.1 applies to the MCSA's entire article 7. Article 7 includes Section 7.2, which expressly carves out injunctive relief from arbitration:

> "*Other than with respect to* those matters involving the warranties, indemnities, and other matters addressed by Article Six of this Agreement, or *matters involving injunctive relief as a remedy*, or any action necessary to enforce the award of the arbitrators, *the provisions of this article are a complete defense to any suit*, action, or other proceeding instituted in any court or before any administrative tribunal with respect to any dispute, controversy or claim between the Parties hereto and arising out of or related to this Agreement or the creation, validity, interpretation, breach, or termination of this Agreement."

MCSA § 7.2 (emphasis added). Section 7.2's provisions apply to the claims spelled out in Section 7.1, including the carve-out from arbitration of matters involving injunctive relief.

After filing the Complaint, CellInfo requested that Defendants suspend development work on the Tower Analytics project during the pendency of this action. Defendants agreed to delay deploying their Tower Analytics platform for six months (until January 2019) and to consider an expedited discovery schedule. Defendants changed course when they filed the present motion and now refuse to provide any discovery while the motion is pending. In view of this reversal, CellInfo

---

[1] A copy of the MCSA is filed under seal as Exhibit 1 to Defendants' Motion to Dismiss or Stay and Compel Arbitration. (D.I. 17.)

is, contemporaneous herewith, filing a motion for preliminary injunction to prevent any further use or disclosure of CellInfo's trade secrets and confidential information.

## II.     ARGUMENT

### A.     Because CellInfo requests injunctive relief, this dispute is not covered by the MCSA's arbitration provision

In the First Circuit, a party that seeks to compel arbitration "must show [1] that a valid agreement to arbitrate exists, [2] that the movant is entitled to invoke the arbitration clause, [3] that the other party is bound by that clause, and [4] *that the claim asserted comes within the clause's scope*." *Ouadani v. TF Final Mile LLC*, 876 F.3d 31, 36 (1st Cir. 2017) (affirming denial of motion to compel arbitration because the plaintiff was not bound by the arbitration agreement) (quoting *Intergen N.V. v. Grina*, 344 F.3d 134, 142 (1st Cir. 2003)) (emphasis added).  Here, Defendants cannot satisfy the fourth element because CellInfo's claim for injunctive relief is not within the scope of the MCSA's arbitration clause.

Contract provisions must be read in the context of the contract as a whole to give full effect to the parties' intent.  *See Nadherny v. Roseland Property Co.*, 390 F.3d 44, 49 (1st Cir. 2004). The MCSA states in Section 7.2 that "matters involving injunctive relief as a remedy" are excluded from arbitration.  (MCSA § 7.2.)  Section 7.2 applies to the entire Article 7, including Section 7.1.  Read together, Sections 7.1 and 7.2 make clear that all disputes involving injunctive relief may be brought in court and that Article 7 is not a defense to a court action seeking injunctive relief.

The Federal Arbitration Act ("FAA") "does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement." *Volt Info. Scis., Inc. v. Board of Trustees of Leland Stanford Jr. Univ*., 489 U.S. 468, 478 (1989).  Rather, it "simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms."  *Id*.  "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Ouadani*, 876 F.3d at 36.

Courts have declined to compel arbitration of claims involving injunctive relief in just these circumstances. In one recent case, the Eastern District of Texas denied a motion to compel where the agreement to arbitrate contained the following clause:

> Any dispute arising under or related to this Agreement (except for actions seeking injunctive relief and disputes related to trademarks, trade secrets or other intellectual property of Pelton & Crane) shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association.

*Archer & White Sales, Inc. v. Henry Schein, Inc.*, No. 2:12-cv-572-JRG, 2016 WL 7157421, at *3 (E.D. Tex. Dec. 7, 2016). Like Section 7.2 of the MCSA, the clause excluded from arbitration actions seeking injunctive relief. The court concluded that "the phrase 'except actions seeking injunctive relief' is clear on its face—any action seeking injunctive relief is excluded from mandatory arbitration." *Id*. at *5. Because the plaintiff sought injunctive relief, the court denied the motion to compel arbitration. *Id*. The court rejected the defendants' claim that allowing the exception for injunctive relief would render the agreement meaningless because all a plaintiff had to do was add injunctive relief to its damages complaint. *Id*. at *6.

The Southern District of New York likewise denied a motion to compel arbitration where the parties' agreement included a clause requiring arbitration of any disputes "arising out of [or] relating in any way to" the agreement. *Frydman v. Diamond*, No. 1:14–cv–8741–GHW, 2015 WL 5294790, at *2 (S.D.N.Y. Sept. 10, 2015). An addendum to that agreement stated that for any dispute "which gives rise to injunctive or equitable relief pursuant to the terms of this Agreement," a party may bring an action seeking injunctive or equitable relief in court." *Id*. The court reasoned that the second provision limited mandatory arbitration to claims that did not involve injunctive relief. The defendant, seeking to compel arbitration, argued as Defendants do here that the provision applied only to the arbitrator's ability to enforce an award of injunctive relief. *Id*. at *6. The court rejected that argument: "The parties knew how to write a limited aid of arbitration provision. Instead, they wrote, and agreed to, Section 19, which is explicitly a provision that supports litigation in lieu of

4

arbitration, not in aid of it." *Id*. at *7.  Similarly, here the parties knew how to write an arbitration provision without a carve-out for injunctive relief.  They instead agreed to one with a carve-out.

Other courts have applied the same logic in denying motions to compel arbitration.  *See Major Lindsey & Africa, LLC v. Mahn*, No. 10–civ–4239(CM), 2010 WL 3959609, at *3 (S.D.N.Y. Sept. 7, 2010) (holding that the language carving out "injunctive or declaratory relief" excluded claims for permanent injunctive relief from the arbitration agreement); *Dickeys Barbecue Rests. v. Mathieu,* No. 3:12–cv–5119–G, 2013 WL 5268976, at *5-9 (N.D. Tex. Sept. 18, 2013) (allowing claims for injunctive relief to go forward in district court); *Aetrex Worldwide, Inc. v. Sourcing for You Ltd*., 555 F. App'x 153, 154 (3d Cir. 2014) (unpublished) (excluding claims for both preliminary and permanent injunctions from the requirement to arbitrate).

Defendants argue, as the *Frydman* and *Archer & White* defendants did, that the carve-out refers only to preliminary injunctive relief that a court could award pending arbitration. (D.I. 18 at 12-13.)  But that argument fails for the same reasons it failed for the *Frydman* and *Archer & White* defendants.  If Defendants wanted Section 7.2 to only apply to preliminary injunctive relief, they could have "negotiated for more precise language." *Archer & White*, 2016 WL 7157421, at *5.  For instance, Section 7.2 contains a clause exempting "any action necessary to enforce the award of the arbitrators" from arbitration.  That clause expressly references arbitration.  The fact that the "matters involving injunctive relief as a remedy" clause does not expressly reference arbitration shows that it is not limited to pre-arbitration injunctive relief.

Defendants also argue that under the American Arbitration Association rules, an arbitrator can grant preliminary injunctive relief. (D.I. 18 at 13.)  But the availability of such relief in one forum does not serve to bar a litigant from seeking injunctive relief in another.   And Section 7.2 does ***not*** say that the parties must seek injunctive relief in arbitration.  To the contrary, Section 7.2 makes clear that Defendants cannot rely on the arbitration provision of Section as a defense to a ***court*** proceeding involving injunctive relief.  MCSA § 7.2.  If Defendants were correct, there would be no need for the

phrase "matters involving injunctive relief as a remedy" to appear in Section 7.2 at all. The phrase is there because the parties intended to put it there, and it excludes matters involving injunctive relief from mandatory arbitration. The cases Defendants cite reference arbitration agreements that do not specifically remove injunctive relief from mandatory arbitration and instead include the right to obtain injunctive relief without specifying which tribunal should grant it. For example, the clause in *PowerShare, Inc. v. Syntel, Inc.* stated that "[n]othing in this clause shall prejudice Syntel or PowerShare's right to seek injunctive relief or any other equitable/legal relief or remedies available under law." 597 F.3d 10, 16 (1st Cir. 2010). Similarly, the language at issue in *Kingstown Corp. v. Black Cat Cranberry Corp.* provided that the parties had the "right to obtain" injunctive relief. 65 Mass. App. Ct. 154, 156, 839 N.E. 2d 333, 335 (2005). Neither agreement mentions injunctive relief as a defense to arbitration, as the one in Section 7.2 of the MCSA does.

Here, the language in Section 7.2 is far more like that of *Frydman* and *Archer & White*. Section 7.2 states "Other than . . . matters involving injunctive relief as a remedy . . . the provisions of this article are a complete defense" to a court action. Section 7.2, by its language, applies to the entire Article Seven. Where, as here, the parties "have clearly agreed" to allow CellInfo to bring a matter involving injunctive relief in this court, the court should deny Defendants' request to compel arbitration. *Frydman*, 2015 WL 5294790, at *7; *see also Archer & White*, 2016 WL 7157421, at *6. The FAA's purpose was "to make arbitration agreements as enforceable as other contracts, *but not more so*." *Opals on Ice Lingerie v. Body Lines Inc.*, 320 F.3d 362, 369 (2d Cir. 2003) (emphasis in original) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)).

Although Defendants suggest that CellInfo waited too long to seek preliminary injunctive relief (D.I. 18 at 13), the fact that CellInfo did not immediately seek a preliminary injunction has no bearing on whether this case is in the correct forum. Section 7.2 of the MCSA does not limit the "injunctive relief" carve-out to **preliminary** injunctive relief. As set forth in the Complaint, CellInfo seeks an injunction to prevent further misuse or disclosure of its trade secrets and confidential

information.  CellInfo did not file a motion for preliminary injunction until now because Defendants themselves proposed a six-month standstill until changing course and filing the present motion.

Finally, Defendants' assertion that CellInfo cannot show entitlement to injunctive relief is baseless and irrelevant to this motion.  (D.I. 18 at 13.)  "[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims."  *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

### B.     The Court should resolve the question of whether these claims should be arbitrated

This Court should decide the question of whether CellInfo's claims remain before it.  "'Unless the parties clearly and unmistakably provide otherwise,' the court must resolve a disagreement among the parties as to whether an arbitration clause applies to a particular dispute."  *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 7 (1st Cir. 2014) (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010)); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial determination.")

Contrary to Defendants' argument, the parties did not "clearly and unmistakably" agree to have an arbitrator decide whether a dispute is subject to arbitration.  Defendants contend that because the Commercial Arbitration Rules ("CAA") of the American Arbitration Association provide that the arbitrator should rule on the arbitrability of a claim or counterclaim, the arbitrator must decide the arbitrability of this dispute.  (D.I. 18 at 7 (citing Rule R-7(a) of the CAA).  But while Section 7.1 of the MCSA states that arbitration should be governed by the CAA, it also requires that disputes be submitted to arbitration "in accordance with the provisions of this article"—meaning Article Seven, which also includes Section 7.2 and its exception for matters involving injunctive relief.  Thus, under MCSA's terms, the CAA do not apply to matters involving injunctive relief.  *See Nadherny*, 390 F.3d at 49.

Where, as here, the parties did not "clearly and unmistakably" agree to arbitrate the arbitrability of actions seeking injunctive relief, this Court should decide the question of whether this case is properly before it. *Howsam*, 537 U.S. at 86; *Grand Wireless*, 748 F.3d at 7. The MCSA clearly exempts matters involving injunctive relief from arbitration.

### III.   CONCLUSION

Because the MCSA includes a provision excluding matters seeking injunctive relief from mandatory arbitration, CellInfo requests that this Court deny Defendants' motion to dismiss or stay this action, which seeks injunctive relief.

Dated: August 27, 2018                    Respectfully submitted,

                                                 /s/*James P. Brogan*

David H. Rich (BBO #634275)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, Massachusetts 02110
Tel: (617) 720-2626
Fax: (617) 227-5777
drich@toddweld.com

James P. Brogan (*pro hac vice*)
Brian J. Eutermoser (*pro hac vice*)
King & Spalding LLP
1515 Wynkoop Street
Suite 800
Denver, CO 80202
Tel: (720) 535-2310
Fax: (720) 535-2400
jbrogan@kslaw.com
beutermoser@kslaw.com

*Attorneys for Plaintiff CellInfo, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of **PLAINTIFF CELLINFO, LLC'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION** was served on the parties listed below by electronic mail on August 27, 2018.

James Wodarski
Mintz Levin
One Financial Center
Boston, MA 02111
Tel:  (617) 348-1855
Email: Jwodarski@mintz.com

Thomas Wintner
Mintz Levin
One Financial Center
Boston, MA 02111
Tel:  (617) 348-1625
Email: Twintner@mintz.com

/s/James P. Brogan