```
                UNITED STATES DISTRICT COURT

                 DISTRICT OF MASSACHUSETTS

                              No. 1:18-cv-11250-WGY


CELLINFO, LLC
           Plaintiff


vs.


AMERICAN TOWER CORPORATION, et al,
           Defendants


                     *********

                 For Hearing Before:
                Judge William G. Young


                 Preliminary Injunction


                  United States District Court
                  District of Massachusetts (Boston)
                  One Courthouse Way
                  Boston, Massachusetts 02210
                  Wednesday, October 24, 2018


                     *******


          REPORTER: RICHARD H. ROMANOW, RPR
                Official Court Reporter
             United States District Court
     One Courthouse Way, Room 5510, Boston, MA 02210
                bulldog@richromanow.com
```

```
 1                    A P P E A R A N C E S

 2


 3   JAMES P. BROGAN, ESQ.
     KEVIN A. LAKE, ESQ.
 4       King & Spaulding, LLP
         1515 Wynkoop Street, Suite 800
 5       Denver, CO 80202
         (720) 535-2310
 6       Email: Jbrogan@kslaw.com
    and
 7   DAVID H. RICH, ESQ.
         Todd & Weld
 8       One Federal Street, 27th Floor
         Boston, Massachusetts 02110
 9       (617) 720-2626
         Email: Drich@toddweld.com
10       For Plaintiff

11

12   JAMES M. WODARSKI, ESQ.
         Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
13       One Financial Center, 42nd Floor
         Boston, Massachusetts 02111
14       (617) 348-1855
         Email: Jwodarski@mintz.com
15       For Defendants

16

17

18

19

20

21

22

23

24

25
```

```
 1                P R O C E E D I N G S
 2                (Begins, 2:30 p.m.)
 3                THE CLERK:  Civil Matter 18-11250, CellInfo
 4     versus American Tower Corporation.
 5                THE COURT:  And now would counsel introduce
 6     themselves and whom they represent.
 7                MR. RICH:  Yeah, Good afternoon, your Honor,
 8     David Rich from Todd & Weld and I represent CellInfo,
 9     the plaintiff.
10                MR. BROGAN:  And with him, your Honor, Jim
11     Brogan from King & Spaulding also representing CellInfo.
12                MR. LAKE:  And, your Honor, Kevin Lake, also
13     from King & Spaulding, also representing CellInfo.
14                MR. WODARSKI:  Good afternoon, your Honor,
15     James Wodarski from Mintz Levin, representing all the
16     American Tower defendants.
17                THE COURT:  Thank you.
18          All right, the plaintiffs have a motion for a
19     preliminary injunction here, correct?
20                MR. BROGAN:  Correct, your Honor.
21                THE COURT:  All right, under Rule 65A, it's
22     combined with trial on the merits.
23          When do you want to try it?
24                MR. BROGAN:  Ideally, your Honor, we would do
25     it the week of January 22nd.  Although given what you
```

1   just said earlier, um, picking a month is a little bit
2   more complicated there.  We'd like to go on a very
3   accelerated schedule.
4           THE COURT:  No, I'm all for it and in these
5   circumstances what I'll do is I'll go toward -- we'll
6   put it down tentatively, except that I'm not promising
7   you that date, I'm just putting you on the list and
8   saying "not before January 22nd," hoping you can resolve
9   it.
10          That's okay with you?
11          MR. BROGAN:  Yes, thank you, your Honor.
12          THE COURT:  How about the defendants?
13          MR. WODARSKI:  Your Honor, two points.  There
14  is a pending motion to dismiss or to compel arbitration.
15          THE COURT:  I -- one, I'm aware of it, I
16  haven't forgotten it, my game plan was to proceed first
17  on the assumption, which may turn out to be wrong, that
18  it was going to go to resolution in this court.  So
19  don't think I've taken -- don't think I've ignored it.
20  Assume -- just wrap your mind around the possibility
21  that that motion doesn't work and now we're going to get
22  to it, assume the motion doesn't work, is the end of
23  January okay?
24          MR. WODARSKI:  Your Honor, February or March
25  is what I was going to propose, so February would be --

```
 1              THE COURT:  Well, the difference is not that
 2   much.  It's on no earlier than the 22nd of January.
 3   Assuming we stay in this court, um, I expect complete
 4   cooperation in expedited discovery so the case will
 5   actually go to trial on or about that date.
 6        Now let's turn to the defense.  They have a motion
 7   to dismiss or to stay in light of what they claim is an
 8   arbitration clause.
 9        Do you oppose that motion?
10              MR. BROGAN:  We do oppose that motion, your
11   Honor.
12              THE COURT:  Are you ready to argue that now or
13   should -- it was on for a preliminary injunction, so I
14   don't insist, or should I put that down for argument
15   within a week or so?
16              MR. BROGAN:  I believe that we're ready, your
17   Honor.
18              THE COURT:  How do you feel?
19              MR. WODARSKI:  Your Honor, we could argue
20   that.
21              THE COURT:  Very well.  All right, it's your
22   motion.  I'll hear you.
23              MR. WODARSKI:  Well, your Honor, effectively
24   the point is very simple, it arises from the contract,
25   um, there's language that says that all claims and
```

```
 1   defenses must be raised in an arbitration, there are no
 2   exceptions to it, except for Provision 7.2, which says
 3   that matters involving injunctive relief are excepted
 4   from that.  Your Honor, we've presented you with case
 5   law that says that fundamentally that argument does not
 6   allow them to escape their contractual commitment to
 7   arbitrate all claims.  It allows this Court to, however,
 8   freeze the status quo, um, with preliminary relief of an
 9   injunction while the arbitration panel is set up and
10   prepares to arbitrate the claims.
11        So from our perspective, your Honor, reading the
12   provisions harmoniously, they have contractually
13   committed themselves to arbitrating everything including
14   anything that relates from any provision of the contract
15   including the confidentiality provisions that lead to
16   the claims and counts here, and so we would ask that the
17   case be arbitrated.
18         If this Court, in light of the language of Section
19   7.2, believes that there should be some sort of a
20   preliminary injunction so that the status quo is frozen
21   pending the commencement of arbitration, we're -- as
22   we've indicated to the other side, we're fine with that,
23   we just think it's absolutely inappropriate for them to
24   try and arbitrate -- or to actually litigate the
25   substantive dispute here.
```

```
 1              THE COURT:  Um, one, I hear you and I
 2     understand your argument.  Let me turn to the
 3     plaintiffs.
 4         I think he accurately states the law, um, so
 5     having said that, let me hear you.
 6              MR. BROGAN:  Your Honor, Article 7 addresses
 7     the issue of arbitration.  There are two parts to
 8     Article 7, 7.1 and 7.2.  Article 7.1 says that we will
 9     arbitrate these things subject to the provisions of this
10     article, not to that paragraph, to the article, which
11     means you have to look at both 7.1 and 7.2.  7.2
12     contemplates a suit in District Court for injunctive
13     relief, which is what we have here.  7.2 provides an
14     exception, if you will, to the arbitration requirement
15     and it deals with precisely the thing that we have at
16     issue here.
17         And so from that perspective --
18              THE COURT:  But as a practical matter -- all
19     right, you people obviously have engaged and in part
20     it's an issue of contract interpretation.  So as a
21     practical matter, we're now on track for a trial,
22     because I've collapsed it with trial.
23         I think he's right though in saying that the --
24     that these provisions are usually read as allowing for
25     injunctive relief to freeze the status quo.  So I'm
```

1  prepared to -- it's not likely I'm going to dismiss this
2  because I've got a role here, so I'm prepared to hold
3  the hearing -- I'm not for making determinations on the
4  basis of affidavits.  In another case, and I'm so fond
5  of citing it, I have called affidavits "The Potemkin
6  Villages of American litigation, all lawyer-created
7  facade and no internal architecture."  I repeat it ad
8  nauseam.  And so here we're going to have to have
9  evidence.  But the two provisions read together may
10 limit the scope of what I do, but of course it will be
11 done on an evidentiary record and one imagines the
12 arbitrators might pay attention to it.
13          MR. BROGAN:  The exemption, your Honor, in 7.2
14 says that any matter involving injunctive relief is
15 outside of the arbitration.
16          THE COURT:  So your interpretation is, because
17 this clearly involves injunctive relief, that it goes to
18 final judgment in this court without reference to the
19 arbitrators?
20          MR. BROGAN:  That is correct, your Honor.
21          THE COURT:  Um, I'm going to take the matter
22 under advisement.  I appreciate you both stepping up to
23 the plate.
24       But let's now assume it the defense's way, let's
25 assume that my interpretation of the contract is what

1  has just been argued to me, then I think I'm in a
2  position to deny the motion to dismiss.  You're content
3  with hearing the -- whether it's preliminary and it can
4  only freeze the status quo or whether it's the whole
5  enchilada, you're okay with hearing that starting on the
6  22nd of January, and, um, I do have a role and I will
7  exercise that role.  Now, if I interpreted the contract
8  their way, in my mind that's the result.
9       Have I missed something?  To the plaintiff.
10           MR. BROGAN:  I think that, um, with respect to
11  Paragraphs 3.1 in the MCSA and 9.1 in the MCSA, that
12  both contemplate injunctive relief and contemplate
13  injunctive relief in situations such as this where you
14  have a breach of that confidentiality provision that
15  leads to here misappropriation of trade secrets, I think
16  that's specifically contemplated to be addressed in a
17  District Court so that you can get the relief, the
18  permanent relief that you need.
19           THE COURT:  Yeah, but you said you were fine
20  with going on the 22nd of January?
21           MR. BROGAN:  Yes, that's true, that's
22  absolutely true, your Honor.
23           THE COURT:  Well you're rearguing the
24  position.  I don't hear you say there's anything wrong,
25  as a practical matter, with how I propose to proceed?

```
 1                MR. BROGAN:  That's correct, your Honor.
 2                THE COURT:  Nor from your point of view, you
 3    win on the contract interpretation and I'll have some
 4    sort of proceeding at the end of January, some sort of
 5    evidentiary proceeding, the only -- you win it and
 6    they'll be no injunctive relief of any sort.  If you're
 7    right on the contract interpretation, there may well be
 8    injunctive relief, but of a limited sort, meanwhile the
 9    arbitrators can pull themselves together.
10          Have I got it right?
11                MR. WODARSKI:  I think fundamentally, your
12    Honor, although Mr. Brogan's comments raise an
13    additional issue.  He says that it's an action for
14    injunctive relief that's contemplated by his view of the
15    contract, which entitles him also to that permanent
16    relief of injunctive relief.
17                THE COURT:  Yeah, I know you don't think so.
18    I don't know the answer.
19                MR. WODARSKI:  But to be clear, your Honor,
20    then in that circumstance that you're contemplating,
21    there's the problem that the complaint seeks legal and
22    other equitable remedies here, and even under what he
23    just described as his view of the contract, nothing
24    would be permitted other than a request for preliminary
25    and permanent injunctive relief here.
```

```
 1                THE COURT:  I know that's your position.
 2                MR. WODARSKI:  Thank you, your Honor.
 3                THE COURT:  All right.  Thank you.
 4         The most I can do here is the following, and I've
 5    done it.  I've collapsed further hearing with trial on
 6    the merits, I've set the hearing not to begin before the
 7    22nd of January in 2019, but as soon as -- either on
 8    that day or as soon thereafter as the parties may be
 9    heard.  And now I'll go further to deny the motion to
10    dismiss, but of course I'm taking under advisement the
11    interpretation of the contract.
12           All right.  Thank you very much.
13                MR. WODARSKI:  Thank you very much, your
14    Honor.
15                MR. BROGAN:  Your Honor, there is one thing.
16                THE COURT:  What?
17                MR. BROGAN:  From a discovery standpoint, the
18    defendants have so far refused to engage in scheduling
19    with respect to discovery or discovery absent a --
20                THE COURT:  Well "so far" was before we held
21    this hearing --
22                MR. BROGAN:  That's true, your Honor.
23                THE COURT:  Now we've held it.
24                MR. BROGAN:  Okay.
25                THE COURT:  And so now both sides have heard
```

1   me say that I expect complete cooperation in expedited
2   discovery.
3           MR. BROGAN:  Okay.
4           THE COURT:  I think there's an obligation on
5   me as well.  I should interpret the contract just as
6   rapidly as I can to the extent necessary to resolve this
7   issue of the scope of the remedy that is in this court.
8   I will try to do so.
9        One thing I didn't say.  Should you settle it, a
10  simple phone call to Ms. Gaudet is all that's required.
11  Put on the report how little or much you want and you
12  will find us all sweet reason.  Don't ever make the call
13  and say it's settled unless it's really settled, because
14  if thereafter you try to unwind it, I will be very
15  sticky.
16          Thank you.
17              (Ends, 2:45 p.m.)
18
19
20
21
22
23
24
25

```
 1                  C E R T I F I C A T E
 2
 3
 4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,
 5   do hereby certify that the foregoing record is a true
 6   and accurate transcription of my stenographic notes
 7   before Judge William G. Young, on Wednesday, October 29,
 8   2018, to the best of my skill and ability.
 9
10
11
12   /s/ Richard H. Romanow 10-29-18
     _____
13   RICHARD H. ROMANOW    Date
```