UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELLINFO, LLC<br><br>   Plaintiff,<br><br> v.<br><br>AMERICAN TOWER CORPORATION, AMERICAN TOWER LLC, AMERICAN TOWER DO BRASIL – CESSAO DE INFRAESTRUTURAS LTDA, and ATC IP LLC.,<br><br>   Defendants. | Civil Action No. 18-11250-WGY<br><br>**REQUEST FOR HEARING** |

### CELLINFO, LLC'S MOTION TO REOPEN CASE AND SET TRIAL DATE

Plaintiff CellInfo, LLC ("**CI**"), by and through its counsel of record, respectfully moves that this Court (1) reopen the above-captioned case, which was administratively closed on November 20, 2018; (2) set a trial date; (3) set a date for a pretrial conference; (4) order Defendants to supplement their discovery responses at least 60 days prior to the pretrial conference; (5) set a deadline of 28 days before the pretrial conference for CI to update its damages expert disclosures in response to Defendants' updated discovery responses; and (6) schedule any pretrial disclosures, hearings, and other events, as required by the rules or determined to be appropriate by the Court. In support of this Motion, CI states as follows:

1. On November 20, 2018, this Court administratively closed this case on the grounds that the case had been referred for arbitration. Dkt. No. #66 (docket text).

2. On March 4, 2020, a tribunal of the American Arbitration Association hearing the arbitration under the arbitration agreement between the parties ordered that the arbitration be

terminated if the Defendants did not pay CI's share of the costs of the arbitration. The order also stated "[u]pon termination of this proceeding, Celllnfo may seek any relief to which it believes itself entitled in any other forum." Exhibit A at p. 7.

3. On April 21, 2020 the tribunal formally terminated the arbitration without a decision on the merits. Final Order, attached hereto as Exhibit B.

4. Fact discovery was completed and expert reports were exchanged prior to the termination of the arbitration.

5. An administrative closure of a case is a ministerial action tantamount to staying proceedings. *Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 808 (5th Cir. 2020)  A case that has been administratively closed may be reopened on the motion of any party. *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999).

6. The Federal Arbitration Act requires that when an arbitration conducted in accordance with applicable rules fails to resolve a dispute, the dispute be tried in court.  *USM Corp. v. GKN Fasteners, Ltd.*, 574 F.2d 17, 20 (1st Cir. 1978); *Tillman v. Tillman*, 825 F.3d 1069 (9th Cir. 2016).

7. Here, the arbitration failed to resolve the dispute because CI could not afford to pay excessive arbitration fees and Defendants declined to pay those fees. This failure denied CI access to the arbitral forum, rendering the arbitration illusory in contravention of the "effective vindication" doctrine.  <u>See</u> *Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 15 (1st Cir. 2009) (an arbitration is illusory if it is "structured so as to prevent a litigant from having access to the arbitrator to resolve claims").

8. Under the effective vindication doctrine, a party to an illusory arbitration has the right to bring its claims in federal court. *Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 15 (1st Cir. 2009).

9. This Court should try the case on its merits to avoid the grave injustice of allowing ATC to steal and use CI's intellectual property without consequence. Such an injustice would be contrary to the mandate that the Federal Rules of Civil Procedure, which seek "to secure the **just**, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

10. Holding a trial in this case would also serve the public interest by revealing information about safety shortcomings, which would likely become public at trial. See *Poliquin v. Garden Way*, 989 F.2d 527, 533 (1st Cir. 1993)).

11. These and other reasons why this motion should be granted are discussed in CI's memorandum in support of this motion (the "**Memo**"), a redacted version of which is being filed together with this motion.

12. Together with this motion, CI is also filing an assented-to motion requesting that the Court accept the filing under seal of an unredacted version of the Memo and certain confidential exhibits thereto.

13. Attached as Exhibit C is a proposed Order.

### REQUEST FOR ORAL ARGUMENT

14. CI believes that a telephonic hearing on this matter will assist the Court in deciding this motion.

WHEREFORE, CellInfo, LLC respectfully requests that this Court:

a) Reopen this action;

b) Set a date for this matter to be tried before a jury;

c) Set a date for the final pretrial conference;

d) Require that by 60 days prior to the final pretrial conference Defendants supplement their discovery responses (including initial disclosures, document production, and answers to interrogatories) to reflect any changes or additional information since such discovery responses were provided to CellInfo, LLC;

e) Set a deadline of 28 days prior to the final pretrial conference for CellInfo, LLC to update its damages expert disclosures based on new information acquired since the original report was produced;

f) schedule any other pretrial disclosures, hearings, and other events, as required by the rules or determined to be appropriate by the Court; and

g) Grant whatever other relief this Court deems just and fair.

DATED: July 2, 2020                     CellInfo, LLC
                                        By Its Attorneys,

                                        /s/ Kenneth R. L. Parker
                                        Kenneth R. L. Parker (BBO #688987)
                                        Shaun P. Keough (BBO # 688868)
                                        PARKER KEOUGH LLP
                                        *Street Address:*
                                           51 Winchester St., Suite 205
                                           Newton, MA 02461
                                        *Mailing Address:*
                                           P.O. Box 590006
                                           Newton, MA 02459
                                        Tel.: (617) 841-2418
                                        Fax.: (617) 963-8315
                                        E-mail: kparker@parkerkeough.com

## GOOD FAITH CONFERRAL

Pursuant to L.R. 7.1(a)(3), I certify that I conferred on June 25, 2020 in good faith with counsel for Defendants prior to filing this motion, but was unable to resolve or to narrow the issues raised herein.

/s/ Kenneth R. L. Parker
Kenneth R. L. Parker (BBO #688987)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on this July 2, 2020.

/s/ Kenneth R. L. Parker
Kenneth R. L. Parker