IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELLINFO, LLC<br><br>            Plaintiff,<br><br>     v.<br><br>AMERICAN TOWER CORPORATION, AMERICAN TOWER LLC, AMERICAN TOWER DO BRASIL – CESSAO DE INFRAESTRUCTURAS LTDA, and ATC IP LLC,<br><br>            Defendants. | Civil Action No. 18-cv-11250-WGY |

## DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

Pursuant to Fed. R. Civ. P. 11, Defendants American Tower Corporation, American Towers LLC, American Tower do Brasil – Cessao de Infraestructuras LTDA, and ATC IP, LLC (collectively, "American Tower") move for sanctions against Plaintiff CellInfo, LLC ("CellInfo") and its counsel, Parker Keough LLP. CellInfo's Motion to Reopen Case and Set Trial Date, Dkt. No. 68 (dated July 2, 2020) (the "Motion") is not "warranted by existing law" in violation of Rule 11(b)(2). This is true in view of the law of the case as determined by this Court in its public opinion sending this dispute to arbitration in 2018. *See* Dkt. No. 67, Memo. of Decision at 6-9 (Dec. 19, 2018). It is also true in view of the relevant precedent. In addition, the Motion also "needlessly increase[d] the cost of litigation" by forcing American Tower to oppose a plea for relief lacking any merit. This violates Rule 11(b)(1).

The sole argument that CellInfo presents in its Motion is that the structure of its arbitration obligation prevented its access to justice. The necessary predicate of this contention was already addressed and rejected by this Court in 2018 when it concluded that this "is not a 'forced

1

arbitration,'" and sent the case to arbitration. Dkt. No. 67 at 6. Notably, CellInfo never raised its present argument in 2018. Instead, the Court itself raised it as part of a comprehensive analysis of whether CellInfo is bound by the arbitration provision. As set forth in further detail in the memorandum already before the Court (Dkt. No. 82, July 31, 2020), this Court's December 2018 ruling is the law of the case, and demonstrates the total lack of legal support for CellInfo's Motion. And the jurisprudence on the "effective vindication" doctrine CellInfo now attempts to use is universally in accord with that prior legal decision that governs here. In short, there is no legal basis to challenge the arbitration here under the effective vindication doctrine.

As a result, CellInfo and its counsel must know (or at a minimum should have known) that the Motion to Reopen was frivolous and baseless. Sanctions are therefore warranted here. American Tower asks that the Court award American Tower its reasonable fees and costs in opposing the Motion to Reopen. To support such an award, American Tower further requests leave to quantify the costs and fees it was forced to incur in opposing CellInfo's frivolous Motion.

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 11(c)(2)

Pursuant to Fed. R. Civ. P. 11(c)(2), after multiple meet and confer discussions regarding the substance of this Motion, the counsel for American Tower served CellInfo's counsel with a safe-harbor draft of this Motion on July 29, 2020. On August 19, 2020, 21 days later, counsel for American Tower again inquired whether CellInfo would withdraw its frivolous motion to reopen the case, but received no response.

Dated: August 20, 2020

*/s/ James M. Wodarski*
James M. Wodarski (BBO # 627036)
Thomas H Wintner (BBO # 667329)
Andrew H. DeVoogd (BBO # 670203)
Daniel B. Weinger (BBO # 681770)
Geoffrey A. Friedman (BBO # 692771)
Harold Laidlaw (*pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Facsimile: (617) 542-2241
Telephone: (617) 542-6000
jwodarski@mintz.com
twintner@mintz.com
ahdevoogd@mintz.com
dbweinger@mintz.com
gfriedman@mintz.com
hslaidlaw@mintz.com

*Counsel to Defendants American Tower Corporation, American Tower LLC, American Tower Do Brasil – Cessao de Infraestructuras LTDA, and ATC IP LLC*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The undersigned certifies that counsel for Defendants met and conferred with counsel for Plaintiff and attempted in good faith to resolve or narrow the issue presented by this motion.

/s/ *James M. Wodarski*
James M. Wodarski

## CERTIFICATE OF SERVICE

I certify that on August 20, 2020, I electronically filed the foregoing document by using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to the registered participants identified and paper copies will be sent to those indicated as non-registered participants.

/s/ *James M. Wodarski*
James M. Wodarski